UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,    **REPORT, RECOMMENDATION
                              AND ORDER**

v.
                              08-CR-194(S)(M)
JOHN E. MAYE,

              Defendant.

_____

        This case was referred to me by Hon. William M. Skretny for supervision of all pretrial proceedings [12].[1] Before me is defendant's motion to dismiss counts 2 - 8 of the superseding indictment or, in the alternative, for a bill of particulars [57]. Oral argument was held before me on March 10, 2010. For the following reasons, I recommend that defendant's motion be granted to the extent that it seeks dismissal of counts 2 - 8 of the superseding indictment, and I order[2] that the motion be denied (as moot) to the extent that it seeks a bill of particulars.

**BACKGROUND**

        In an indictment dated July 31, 2008 [1], defendant, a licensed physician, was charged with distribution of two controlled substances (hydrocodone and alprazolam) "other than for a legitimate medical purpose and not in the usual course of professional practice; all in violation of Title 21, United States Code, Section 841(a)(1)". Indictment [1], counts 1 and 2.

---

    [1]    Bracketed references are to CM/ECF docket entries.

    [2]    Defendant's motion for a bill of particulars is nondispositive. United States v. Benjamin, 72 F. Supp. 2d 161, 167 n. 1 (W.D.N.Y. 1999) (Elfvin, J./Foschio, M.J.).

These charges were significantly expanded in a nine-count superseding indictment dated July 9, 2009 [31]. Count 1 of the superseding indictment charges defendant with conspiracy to distribute controlled substances "other than for a legitimate medical purpose and not in the usual course of professional practice", in violation of 21 U.S.C. §846. Counts 2 through 8 charge defendant with distributing unspecified "quantities" of numerous controlled substances, "other than for a legitimate medical purpose and not in the usual course of professional practice", in violation of 21 U.S.C. §841(a)(1): count 2 charges defendant with distribution of hydrocodone "between on or about March 10, 2004 and on or about August 31, 2006"; count 3 charges defendant with distribution of codeine "between on or about March 25, 2004 and on or about August 16, 2006"; count 4 charges defendant with distribution of diazepam "between on or about March 24, 2004 and on or about May 31, 2006"; count 5 charges defendant with distribution of alprazolam "between on or about March 14, 2004 and on or about August 12, 2006"; count 6 charges defendant with distribution of lorazepam "between on or about March 25, 2004 and on or about June 11, 2006"; count 7 charges defendant with distribution of zolpidem "between on or about March 30, 2004 and on or about August 2, 2004"; and count 8 charges defendant with distribution of phentermine "between on or about March 26, 2004 and on or about April 12, 2006".

Although counts 2 - 8 of the superseding indictment do not allege any particular number of transactions involved, the government contends that a total of 2,370 transactions are encompassed within those counts. Government's response [61], Ex. C.

Defendant moves pursuant to Fed. R. Crim. P. ("Rule") 8 and 12(b)(3) to dismiss counts 2 - 8 of the superseding indictment as being impermissibly duplicitous.[3] Defendant's memorandum of law [57-2], Point I. In the alternative, defendant seeks a bill of particulars pursuant to Rule 7(f). Id., Point II.

## ANALYSIS

**A.  Duplicity of Counts 2 - 8**

   **1.  Even if Part of a Common Scheme, Multiple Narcotics Violations Cannot be Alleged in a Single Count as a Single Offense**

"An indictment [is] duplicitous if it joins two or more distinct crimes in a single count". United States v. Sturdivant, 244 F. 3d 71, 75 (2d Cir. 2001). Each of the 2,370 transactions which the government seeks to prove against defendant is - if proven - a "distinct crime". "Illegal distribution under §841 is not a continuing crime. The law instead makes each unlawful transfer a distinct offense." United States v. Lartey, 716 F. 2d 955, 967 (2d Cir. 1983).

While the government acknowledges that "each prescription written by the defendant could have been charged as a single count of the indictment" (government's sur-reply [72], p. 6), it argues that because the separate prescriptions are part of a common scheme, they may be "treated as part of a single offense" and aggregated in a single count of the indictment. Id., p. 7 (*quoting* United States v. Moloney, 287 F. 3d 236, 240 (2d Cir. 2002), cert. denied, 537 U.S. 951 (2002)).

---

[3]  Defendant is not moving for dismissal of counts 1 (conspiracy) or 9 (forfeiture) of the superseding indictment.

However, Moloney involved a charge of money laundering, not narcotics violations. Whatever the rule may be as to money laundering charges, Lartey clearly holds that multiple narcotics transactions *cannot* be treated as a single offense: "the Court rejected defendant's argument that these sales were a single offense, holding that . . . . [e]ach of several successive sales constitutes a distinct offense, however closely they may follow each other". Lartey, 716 F.2d at 967 (*citing* Blockburger v. United States, 284 U.S. 299, 302 (1932)).

The other authorities cited by the government likewise fail to persuade me that separate narcotics transactions can be charged as a single offense. United States v. Margiotta, 646 F. 2d 729 (2d Cir.1981), cert. denied, 461 U.S. 913 (1983) involved mail fraud, not narcotics. United States v. Dupre, 462 F. 3d 131 (2d Cir. 2006), cert. denied, 549 U.S. 1151 (2007) involved wire fraud, not narcotics. United States v. Patino 962 F. 2d 263 (2d Cir.1992), cert. denied, 506 U.S. 927 (1992) involved kidnaping and firearms, not narcotics.

Although United States v. Tutino, 883 F. 2d 1125, 1141 (2d Cir.1989), cert. denied, 493 U.S. 1081 (1989), Sturdivant, supra, and United States v. Willis, 475 F. Supp. 2d 269 (W.D.N.Y. 2007) (Larimer, J.) did involve narcotics charges, none of those cases acknowledged Lartey's holding that multiple narcotics transactions cannot be charged as a single offense - in fact, they did not mention Lartey at all.[4] Because Lartey predates these authorities, its holding governs in this case. *See* Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd., 585 F. 3d 58, 67 (2d Cir. 2009), cert. denied, ___U.S.___, 2010 WL 182935 (2010) ("we readily

---

[4] For example, Judge Larimer's reasoning in Willis, 475 F. Supp. 2d at 273 ("it is at least conceivable that these [narcotics transactions] might be part of a continuing course of conduct amounting to a single offense"), cannot be reconciled with Lartey's holding that "separate unlawful transfers of controlled substances are separate crimes under §841, even when these transfers are part of a continuous course of conduct." 716 F. 2d at 967. (emphasis added).

-4-

acknowledge that a panel of our Court is bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court").

Since Lartey holds that separate narcotics transactions in violation of 21 U.S.C. §841 are not a single offense, they cannot be charged in the same count - even if (as the government contends) they are part of a common scheme. Under Rule 8(a), the existence of a common scheme allows joinder of separate offenses in the same *indictment*, not in the same *count* of that indictment. United States v. Turoff, 853 F. 2d 1037, 1042 (2d Cir. 1988) ("Rule 8(a) permits joinder of offenses . . . in a single indictment when they are . . . parts of a common scheme").[5]

However, the Rule clearly states that even where the offenses may be joined in the same indictment, they must be charged in separate counts: "The indictment . . . may charge a defendant *in separate counts* with 2 or more offenses if the offenses charged . . . constitute parts of a common scheme" (emphasis added). *See also* United States v. Rivera, 348 F. 2d 148, 150 (2d Cir.1965) ("the offenses charged . . . properly could have been joined in one indictment in separate counts"); 41 Am. Jur. 2d, Indictments and Informations §200 ("two or more offenses may be charged in the same indictment . . . *in a separate count for each offense* if the offenses charged . . . are based on . . . two or more acts or transactions connected together or constituting parts of a common scheme") (emphasis added).

---

[5] Although the current version of Rule 8(a) differs slightly from the version quoted in Turoff, the changes in text "are intended to be stylistic only". Advisory Committee Notes, 2002 Amendments.

I may not ignore Rule 8(a)'s requirement that offenses be charged "in separate counts" of the indictment. "Federal courts have no more discretion to disregard [a] Rule's mandate than they do to disregard constitutional or statutory provisions". <u>Carlisle v. United States</u>, 517 U.S. 416, 426 (1996).

The government's attempt to aggregate separate offenses in a single count not only violates defendant's right to notice under Rules 8(a) and 7(c) ("the indictment . . . must be a plain, concise and definite written statement of the offense charged"), but also under the Fifth and Sixth Amendments. "The Fifth Amendment guarantees that 'No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury'. If the indictment does not state the essential elements of the crime, the defendant cannot be assured that he is being tried on the evidence presented to the grand jury . . . . The Sixth Amendment guaranty of the defendant's right 'to be informed of the nature and cause of the accusation' against him is also offended by an indictment that does not state the essential elements of the crime." <u>United States v. Pirro</u>, 212 F. 3d 86, 92 (2d Cir. 2000).

"A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances." <u>United States v. Cruikshank</u>, 92 U.S. 542, 558 (1975); <u>Grimes v. Phillips</u>, 2007 WL 15777666, *2 (W.D.N.Y. 2007). Counts 2 - 8 of the superseding indictment completely fail in that regard, alleging only that between a set of dates more than two years apart, defendant "caused to be distributed quantities" of a controlled substance. It is impossible to tell from the indictment which transactions were involved, or when they occurred. While "the language of the statute may be used in the general description of an offense . . . it must be accompanied with such a statement of

the facts and circumstances as will inform the accused of the *specific* offense . . . with which he is charged." Pirro, 212 F.3d at 93 (emphasis added).

The government argues that "the grand jury . . . had before it the chart . . . which summarizes all of the prescriptions which are the subject of counts 2 through 8" (government's post-argument submission [78], p. 2). However, the issue is not what the grand jury may have *considered*, but what they have *charged*, and that determination must be made solely from the face of the superseding indictment. "The indictment must be considered as it was actually drawn, not as it might have been drawn." Pirro, 212 F.3d at 92; United States v. Vitillo, 490 F.3d 314, 321 (3rd Cir.2007) ("the sufficiency of the indictment should be decided based on the facts alleged within the four corners of the indictment, not the evidence outside of it").

Accordingly, the failure of counts 2 - 8 of the superseding indictment to give notice of the particular transactions to be charged renders those counts constitutionally invalid, and that defect in the charging document cannot be remedied by a bill of particulars from the government. "A bill of particulars cannot repair a fatal defect in an indictment . . . because the defendant has a constitutional right to a fair and accurate accusation by indictment." United States v. Seeger, 303 F. 2d 478, 484 (2d Cir. 1962); United States v. Rigas, 490 F. 3d 208, 237 (2d Cir. 2007), cert. denied, 128 S.Ct. 1471 (2008). "It is not for the Court or the prosecutor to speculate as to which transaction or transactions the grand jury indicted when the indictment does not specify it or them. A bill of particulars specifying one transaction, therefore, would constitute an improper amendment of the indictment." United States v. Conley, 826 F.Supp. 1536, 1548 (W.D.Pa.1993).

**2.    In Any Event, the Existence of a Common Scheme Has Not Been Alleged in Counts 2 - 8**

Those cases which allow individual transactions to be aggregated in a single count proceed on the theory that the "essence" of the charge is the scheme pursuant to which the transactions are performed. *See, e.g.,* United States v. Aracri, 968 F. 2d 1512, 1519 (2d Cir. 1992) ("because the essence of the crime charged in Count One is a single scheme to defraud the United States, the indictment is not duplicitous"); Tutino, 883 F. 2d at 1141 ("as long as the essence of the alleged crime is carrying out a single scheme . . . then aggregation is permissible"); Margiotta, 646 F. 2d 729 at 733 ("the essence of the alleged wrong is the single scheme"); Dupre, 462 F. 3d at 140-41 ("the prosecution did not constructively amend Count Two because the evidence at trial concerned the same elaborate scheme . . . as was described in the indictment").

If the scheme is the "essence" of the alleged crime, then the indictment should give notice of that fact, or else it fails to fulfill its function. *See* United States v. Foley, 73 F. 3d 484, 488 (2d Cir.1996), abrogated on other grounds, United States v. Santopietro, 166 F. 3d 88, 92-93 (2d Cir.1999) ("where indictment tracked the language of [the] statute but did not allege . . . an essential characteristic of the crime, the indictment failed to charge an offense"). The government acknowledges that "the unlawfulness of each prescription . . . is a distinct issue from the nature of the 'continuing scheme' of which each prescription was a part" (government's sur-reply [72], p. 6) - yet counts 2 - 8 make no mention of a scheme, "continuing" or otherwise.

The government argues that "as alleged in the indictment . . . the defendant engaged in an ongoing pattern of activity involving a single scheme which resulted in multiple unlawful distributions of controlled substances" (government's response [61], p. 9 (*citing*

-8-

Sturdivant, 244 F. 3d at 76). However, it reaches this conclusion by reading count 1 in conjunction with counts 2 - 8: "The defendant is charged in an overall conspiracy in count 1 . . . with agreeing with others to make substantive violations, *included in which* are those alleged in counts 2 through 8". Id. (emphasis added).

The government ignores the fact that while Rule 7(c)(1) allows a count of the indictment to "incorporate by reference an allegation made in another count", count 1 does not refer to the allegations of counts 2 - 8, nor do those counts refer to count 1.[6] "Each count of an indictment must be treated as if it were a separate indictment, and . . . the validity of a count cannot depend upon the allegations contained in any other count not expressly incorporated." United States v. Hernandez, 980 F. 2d 868, 871 (2d Cir. 1992). Therefore, counts 2 - 8 cannot be read in conjunction with count 1 to allege the existence of a scheme.

While the government suggests that "events at trial may determine whether [it] has adequately proven a single continuing scheme" (government's sur-reply [72], p. 9), it may not seek to prove the existence of a scheme which has not been alleged in the indictment.[7] "A court cannot permit a defendant to be tried on charges that are not made in the indictment against him." Stirone v. United States, 361 U.S. 212, 217 (1960). "If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to

---

[6] By contrast, in Sturdivant (upon which the government relies), the separate counts *did* refer to each other: "Count I . . . charged the existence of a conspiracy *to commit the acts charged in count II*. *Taking the conspiracy and substantive counts together*, the indictment . . . could reasonably have been interpreted to charge that the two transactions in Count II were part of a single continuing scheme and thus were properly included in one count." 244 F. 3d at 76 (emphasis added).

[7] While the government may seek to prove the existence of a scheme under the conspiracy count 1 (count 1), it may not do so under counts 2 - 8, which must be read independently of count 1.

suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the constitution says no person shall be held to answer, may be frittered away until its value is almost destroyed." Id. at 216.

**B.     Bill of Particulars**

As alternative relief, defendant seeks a bill of particulars pursuant to Rule 7(f). The government agrees to produce a bill of particulars to the extent that it has disclosed information in its response to this motion. Government's response [61], pp. 11-12.

With respect to count 1 of the superseding indictment, defendant seeks "the identities of the 'others' with whom Dr. Maye allegedly conspired." (Defendant's memorandum of law [57-2], p. 6), and the government has agreed to furnish this information "under cover of a separate letter". Government's response [61], p. 8.

With respect to counts 2 - 8 of the superseding indictment (in the event that they are not dismissed), defendant asks the government to "identify which prescriptions it will seek to introduce . . . and specify the basis for contending that each prescription is unlawful." Defendant's memorandum of law [57-2], p. 6. In response, the government states that it will rely on the prescriptions identified in previously produced spreadsheets, detailing "the controlled substance, dates, number of prescriptions, and number of dosage units". Government's response [61], p. 5.

As to the theories it will pursue at trial, the government states that it "intends to argue that beyond the lack of a physical examination in all cases, and the lack of medical records

in some cases, the failure of the defendant to follow-up with patients to whom he distributed controlled substances, the failure to take a complete medical history, the unverified nature of the information entered by a customer into the online questionnaire, the fact that customers requested particular controlled substances, and perhaps other facts, all demonstrate the unlawfulness of the defendant's distribution of the controlled substances at issue." Id., p. 7. The government has also produced the report of its expert, Dr. William Vilensky, setting forth his expert opinion that defendant's prescriptions do not rise to the level of a legitimate medical practice. Id.

"In order to obtain a conviction under 21 U.S.C. §841(a)(1) against a licensed physician, the government must show: '(1) That defendant distributed a controlled substance; (2) That he acted intentionally or knowingly; and (3) That defendant prescribed the drug without a legitimate medical purpose and outside the course of professional practice.'" United States v. Hogan, 2009 WL 4043084, *2 (W.D.Mich. 2009) (*quoting* United States v. Johnson, 71 F. 3d 539, 542 (6th Cir.1995). "Neither the statute nor the regulation provides standards as to what conduct is 'for a legitimate medical purpose' or in 'the course of professional practice.'" Id.

In addition to the theories disclosed above, the government also refers defendant to United States v. Rosen, 582 F. 2d 1032 (5th Cir.1978), which sets forth a non-exclusive list of

factors for determining whether the transactions were legitimate.[8] Despite the government's response, defendant argues that it must be apprised of the exact theory the government intends on pursuing for each of the 2,370 prescriptions it intends on offering proof of at trial. Defendant's reply [67], pp. 2-4.

I do not agree. "In deciding a motion for a bill of particulars, the important question is whether the information sought is necessary, not whether it is helpful." United States v. Conley, 2002 WL 252766, *4 (S.D.N.Y. 2002). While it might certainly be *helpful* to the defendant for the government to identify its precise theory of illegality as to each transaction, this information is not *necessary* for him to adequately prepare his defense, given that the government has identified the prescriptions which it will seek to prove are illegal, and has provided an explanation of the factors tending to show illegality.

Since the government has already produced or agreed to produce the information to which defendant would be entitled in a bill of particulars, defendant's motion for that relief is denied as moot. "A bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means". United States v.Walsh, 194 F. 3d 37, 47 (2d Cir. 1999).

---

[8] These factors include the following: "an inordinately large quantity of controlled substances was prescribed . . . large numbers of prescriptions were issued . . . no physical examination was given . . . the physician warned the patient to fill prescriptions at different drug stores . . . the physician issued prescriptions to a patient known to be delivering the drugs to others . . . the physician prescribed controlled drugs at intervals inconsistent with legitimate medical treatment . . . the physician involved used street slang rather than medical terminology for the drugs prescribed . . . there was no logical relationship between the drugs prescribed and treatment of the condition allegedly existing . . . the physician wrote more than one prescription on occasions in order to spread them out". Rosen, 582 F. 2d at 1035-36.

However, my ruling as to a bill of particulars should not be interpreted as an endorsement of the sufficiency of counts 2 - 8 of the superseding indictment, which I believe should be stricken for reasons previously stated.

**CONCLUSION**

For these reasons, I recommend that defendant's motion be granted to the extent that it seeks dismissal of counts 2 - 8 of the superseding indictment, and I order that the motion be denied (as moot) to the extent that it seeks a bill of particulars.

Unless otherwise ordered by Judge Skretny, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by April 16, 2010 (applying the time frames set forth in Fed. R. Crim. P. 45(a)(1)(C), 45(c), and 59(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply

with the provisions of Rule 58.2(a)(3) may result in the district judge's refusal to consider the objection.

Dated: March 30, 2010

**SO ORDERED.**

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge