UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,                                    **DECISION AND ORDER**

v.

                                                             08-cr-00194-WMS-JJM

JOHN E. MAYE,

                          Defendant.

_____

        This case has been referred to me by Hon. William M. Skretny for supervision of pretrial proceedings [12].[1]  Before me is the government's motion for an interlocutory sale [98]. For the following reasons, the government's motion is denied, without prejudice to renewal.

**BACKGROUND**

        On September 18, 2006 a 2002 Lexus RX300 and a 2001 Porsche Carrera 4 Cabrio were seized from defendant during the execution of search and seizure warrants. Kaufman Affidavit [98], ¶3.  In an indictment dated July 31, 2008 [1], defendant was charged with unlawfully dispensing hydrocodone and alprazolam, controlled substances, other than for a legitimate medical purpose, in violation of 21 U.S.C. 841(a)(1).  The indictment contained a forfeiture count seeking forfeiture of the vehicles. Similar charges are contained in a superseding indictment [31] and second superseding indictment [82].

        The remaining discovery in this case is to be completed by July 5, 2011, and the parties are to appear before Hon. William M. Skretny on July 6, 2011 to schedule a trial date [97].  The government moves pursuant to 21 U.S.C. §853(e)(1), Fed. R. Crim. P. ("Rule")

---

[1]      Bracketed references are to the CM/ECF docket entries.

32.2(b)(7) and Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset

Forfeiture Actions for an order authorizing and directing the interlocutory sale of the vehicles.


**ANALYSIS**

"At any time before entry of a final forfeiture order, the court, in accordance with

Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale

of property alleged to be forfeitable."Rule 32.2(b)(7).  Pursuant to Supplemental Rule G(7) of the

Federal Rules of Civil Procedure "the court may order all or part of the property sold if: (A) the

property is perishable or at risk of deterioration, decay, or injury by being detained in custody

pending the action; (B) the expense of keeping the property is excessive or is disproportionate to

its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is

in default; or (D) the court finds other good cause."

According to the government, the value of the vehicles has diminished by

approximately 35% since their seizure in 2006, and it has incurred storage costs of $13,391.00

(as of May 1, 2011), which continue to accrue at $6.00/day.  Kaufman Affidavit [98], ¶¶9, 10.

The current book values of the vehicles are $17,675.00 and $11,600.00.  Id., ¶¶8-9.  The

government argues that without an interlocutory sale, the vehicles "risk deterioration,

diminishing their value while accruing storage costs which have become excessive and thus

becoming disproportionate to the vehicles' fair market value."  Notice of Motion [98].  In

response, defendant argues that "this case is nearly trial - ready and, thus, there will be no

additional deterioration or maintenance costs incurred." Defendant's Memorandum of Law

[103], p. 2.[2]

Balancing the "significant sentimental value" the vehicles have to defendant

(Maye declaration [102], ¶7) against the continued deprecation and costs incurred, I find no

reason to grant the government's motion at this time. With a trial in the matter likely to occur

within the next several months, any continued diminution in the value of the vehicles and

increased storage costs will be negligible in relation to the current value of the vehicles and the

costs and depreciation incurred thus far. As argued by defendants, "to the extent the vehicles

have already significantly diminished in value or have incurred excessive storage costs, this is the

fault of the government". *See* United States v. Esposito, 970 F.2d 1156, 1161 (2d Cir.

1992)(denying motion for interlocutory sale for a variety of reasons, including the government

bearing the responsibility for the unreasonable delay in proceeding with the adjudication of the

forfeiture action).[3]

Additionally, defendant argues that before an interlocutory sale is ordered, any

third parties with an ownership interest in the vehicles (including defendant's father), should be

given the opportunity to intervene. Defendant's Memorandum of Law [103], Point II. I agree

with defendant.

---

[2]    Defendant also argues, and the government agrees (Government's Reply Memorandum of Law [110], Point III), that if a sale is ordered, costs should not be deducted until a final order of forfeiture is entered. Defendant's Memorandum of Law [103], Point III.

[3]    To minimize any additional storage costs, defendant agrees to store and maintain the vehicles at his own cost and to adhere to a court order prohibiting his use or transfer of the vehicles. Defendant's Memorandum of Law [103], p. 3, n. 5.

The Porsche is titled in defendant's father's name.  Maye Declaration [102], Ex.

A.  Defendant believes that his father "opposes the interlocutory sale and may challenge the sale

if it is ordered."  Id., ¶6.  Although the government disputes whether defendant's father has any

legal interest in the Porsche, at minimum, he is entitled to notice of any motion for interlocutory

sale and an opportunity to be heard.  *See* United States v. King, 2010 WL 4739791,* 4 (S.D.N.Y.

2010)("Permitting the interlocutory sale of unique property without providing a party asserting an

interest therein with notice and an opportunity to be heard would raise serious due process

concerns").[4]

## CONCLUSION

For these reasons, the government's motion for an interlocutory sale [98] is

denied, without prejudice to renewal.


**SO ORDERED**.

DATED: June 24, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

---

[4]     The government concedes that "[w]hether a third party can contest an interlocutory sale
of property is an issue that has yet to be addressed by any Circuit Court."  Government's Reply
Memorandum of Law [110], p. 3.