UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.

JOHN E. MAYE,

                  Defendant.

**DECISION AND ORDER**
08-CR-194S

## I.  INTRODUCTION

On October 8, 2013, a jury convicted Defendant John E. Maye, M.D., of 33 counts of unlawful distribution and dispensation by a physician of a controlled substance, in violation of 21 U.S.C. § 841 (a)(1).  Maye now moves for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure or, alternatively, for a new trial under Rule 33.  For the reasons discussed below, Maye's motion is denied.

## II.  BACKGROUND

On April 29, 2010, a federal grand jury returned a 34-count Second Superseding Indictment against Maye.  (Docket No. 82.)  Count 1 charged Maye with conspiracy to distribute and dispense controlled substances other than for a legitimate medical purpose and not in the usual course of professional practice, in violation of 21 U.S.C. § 846.  Counts 2-34 charged Maye with distributing and dispensing controlled substances other than for a legitimate medical purpose and not in the usual course of professional practice, in violation of 21 U.S.C. § 841 (a)(1).

Trial began on September 20, 2013, and concluded on October 8, 2013.  Upon the close of the government's proof, this Court granted Maye's Rule 29 motion as to Count 1

and denied it as to the remaining counts in the indictment.  (Docket No. 245.)  The jury subsequently found Maye guilty on Counts 2-34.  (Docket No. 252.)  Following the verdict, Maye timely filed the instant motion for judgment of acquittal or, alternatively, for a new trial, on October 21, 2013.  (Docket No. 261.)

## III.  DISCUSSION

**A.**     **Maye's Rule 29 Motion**

   **1.**     **Rule 29 of the Federal Rules of Criminal Procedure**

Under Rule 29 (a), a court must, upon a defendant's motion, "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  A defendant may move for a judgment of acquittal after the government closes its evidence, after the close of all evidence, or after the jury has returned its verdict and been discharged.  See Rule 29 (a) and (c)(1).  A defendant may also renew a previously denied Rule 29 motion, so long as renewal occurs within 14 days after the guilty verdict or discharge of the jury, whichever is later.  See Rule 29 (c)(1).

The making of a motion for a judgment of acquittal before the court submits the case to the jury is not a prerequisite for making such a motion after the jury is discharged.  See Rule 29 (c)(3).  "[W]hen a motion for judgment of acquittal made at the close of the government's case-in-chief is denied and a defendant presents a case, then the evidence put in by the defense will also be considered in deciding a [Rule 29] motion made after the trial ends."  United States v. Truman, 762 F. Supp. 2d 437, 445 (N.D.N.Y. 2011).

A defendant challenging the sufficiency of the evidence bears a heavy burden. United States v. Hassan, 578 F.3d 108, 126 (2d Cir. 2008); United States v. Finley, 245

F.3d 199, 202 (2d Cir. 2001). "In evaluating whether the evidence was sufficient to convict a defendant, [a reviewing court] consider[s] all of the evidence, both direct and circumstantial, 'in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government.'" United States v. Velasquez, 271 F.3d 364, 370 (2d Cir. 2001) (quoting United States v. Walker, 191 F.3d 326, 333 (2d Cir. 1999)).

When considering the trial evidence, "the court must be careful to avoid usurping the role of the jury." United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003). The court may not "substitute its own determination of . . . the weight of the evidence and the reasonable inferences to be drawn for that of the jury." United States v. Guadagna, 183 F.3d 122, 130 (2d Cir. 1999) (internal quotation marks and citations omitted). Determining the witnesses' credibility falls strictly within the province of the jury. Guadagna, 183 F.3d at 129 (noting that the court must defer to the jury even if the evidence would also support, in the court's opinion, a different result).

A judgment of acquittal is warranted only if the court concludes that the evidence is non-existent or so meager that no rational trier of fact could find the defendant guilty beyond a reasonable doubt. Velasquez, 271 F.3d at 270; Guadagna, 183 F.3d at 130. The court must consider the evidence "in its totality, not in isolation, and the government need not negate every possible theory of innocence." United States v. Cote, 544 F.3d 88, 98 (2d Cir. 2008); see Guadagna, 183 F.3d at 130 ("each fact may gain color from the others").

## 2. Good-Faith Defense

Maye first argues that he is entitled to a judgment of acquittal because the

3

government failed to present sufficient evidence to disprove his good-faith defense. Specifically, Maye asserts that none of the government's witnesses testified about his subjective intent, and in fact, the government's evidence tended to show that he acted in good faith.

None of the government's witnesses, of course, could testify as to "what Dr. Maye was thinking," <u>see</u> Defendant's Memorandum, Docket No. 261-1, p. 3, and having presided over the trial, this Court finds that the government presented sufficient evidence from which the jury could reject Maye's good-faith defense.

The jury received the following good-faith instruction:

> A DOCTOR DISPENSES A CONTROLLED SUBSTANCE IN GOOD FAITH IN MEDICALLY TREATING A PATIENT WHEN HE OR SHE DISPENSES THE CONTROLLED SUBSTANCE FOR A LEGITIMATE MEDICAL PURPOSE IN THE USUAL COURSE OF MEDICAL PRACTICE; THAT IS, THE DOCTOR HAS DISPENSED THE CONTROLLED SUBSTANCES LAWFULLY.  GOOD FAITH IN THIS CONTEXT MEANS GOOD INTENTIONS AND THE HONEST EXERCISE OF BEST PROFESSIONAL JUDGMENT AS TO A PATIENT'S NEEDS.  IT MEANS THAT THE DOCTOR ACTED IN ACCORDANCE WITH WHAT HE REASONABLY BELIEVED TO BE THE STANDARD OF MEDICAL PRACTICE GENERALLY RECOGNIZED AND ACCEPTED IN THE UNITED STATES.
>
> THE GOVERNMENT HAS THE BURDEN OF ESTABLISHING THE DEFENDANT'S LACK OF GOOD FAITH BEYOND A REASONABLE DOUBT.  IF YOU FIND THAT THE GOVERNMENT HAS NOT MET ITS BURDEN IN THIS REGARD OR THAT THE DEFENDANT ACTED IN GOOD FAITH IN DISPENSING THE CONTROLLED SUBSTANCES, THEN YOU MUST FIND HIM NOT GUILTY.

The government presented direct and circumstantial evidence that supports the jury's rejection of this defense.  For example, it presented evidence of Maye's process for

writing prescriptions, which routinely did not include in-person consultations; evidence of Maye's interaction with the New York State Office of Professional Medical Conduct, which included false assurance that he would establish a bona-fide patient-physician relationship with the patients for whom he was writing prescriptions; and testimony from expert witness Dr. Ted Parran, which included that Maye's practices were not consistent with a legitimate medical purpose and did not occur in the usual course of professional practice.

It is the jury's role, not this Court's, to weigh the evidence and determine credibility. Guadagna, 183 F.3d at 129.  In this Court's view, this evidence, and the other evidence presented at trial, sufficiently supports the jury's rejection of Maye's good-faith defense. See Velasquez, 271 F.3d at 270 (finding that a judgment of acquittal is warranted only if the court concludes that the evidence is non-existent or so meager that no rational trier of fact could find the defendant guilty beyond a reasonable doubt).

### 3.    Dispensing or Distributing Controlled Substances

Maye next argues that he is entitled to a judgment of acquittal because the government failed to present sufficient proof that he distributed or dispensed controlled substances.  Specifically, Maye argues that the government did not establish that he approved any prescriptions.  Maye concedes, however, that the government introduced Maye's patients' files, which contain "approved" notations in the "doctor's notes" section of the file dedicated to the status of prescriptions.  (Dutta Declaration, Docket No. 261, ¶¶ 8-12.)   Although Maye contends that there was insufficient direct evidence that he personally completed the "approved" designations in the patient files, this Court must view the evidence in the light most favorable to the government and credit every inference that the jury may have drawn in favor of the government.  Walker, 191 F.3d at 333.

Applying that standard, the record evidence is sufficient to support the jury's verdict. Not only did the government introduce the patient files that indicate the approval of prescriptions, it also introduced evidence demonstrating that Maye worked on the patient files and made notations thereon, as indicated by his personal date/time stamp on the files. The government also presented witnesses who testified about the process of obtaining prescriptions through Maye and filling them at their local pharmacies.  Another witness, Marisa Jasinkski, testified that she could overhear Maye's telephone conversations with patients, wherein he approved prescriptions.  This evidence is sufficient to support the jury's verdict.

*   *   *

Maye has failed to establish that insufficient evidence underlies his convictions.  His motion seeking a judgment of acquittal on that basis is therefore denied.

**B.     Maye's Rule 33 Motion**

**1.     Rule 33 of the Federal Rules of Criminal Procedure**

Rule 33 of the Federal Rules of Criminal Procedure provides that a court may grant a motion for a new trial "if the interest of justice so requires."  A district court "has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority 'sparingly' and only in 'the most extraordinary circumstances.'" United States v. Ferguson, 246 F.3d 129, 134 (2d Cir.2001) (quoting United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir.1992)).  "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be manifest injustice . . . . There must be a real concern that an innocent person may have been convicted."

Ferguson, 246 F.3d at 134.   A reviewing court must be satisfied that "competent, satisfactory and sufficient evidence" in the record supports the jury verdict. Sanchez, 969 F.2d at 1414 (internal quotation marks omitted).

### 2.    Jury Instructions

Maye first argues that he is entitled to a new trial because this Court's good-faith instruction was unclear and the prosecutor misstated the law in his closing argument. Specifically, Maye argues that the jury instruction failed to clearly indicate to the jury that it could not convict him solely for violating the applicable standard of medical care.

This Court fails to detect any confusion.  To the contrary, the instructions were clear. This Court instructed the jury that it could return guilty verdicts only if it found (1) that Maye dispensed or distributed controlled substances; (2) that Maye did so knowingly and intentionally; and (3) that Maye did so other than for a legitimate medical purpose and not in the usual course of medical practice.

This Court then specifically instructed the jury concerning Maye's good-faith defense.  As set out above, the good-faith instruction defined the parameters of the good-faith defense and specifically instructed the jury that good faith included "good intentions and the honest exercise of best professional judgment" and actions taken "in accordance with what [Maye] reasonably believed to be the standard of medical practice generally recognized."

At no time was the jury instructed that it could convict Maye based solely on his failure to adhere to the applicable standard of medical care and no reading of the jury instructions as a whole could reasonably lead to that conclusion.   Moreover, the prosecutor's statements were consistent with this Court's jury instructions.  A new trial is

therefore not warranted.

### 3.    Jury Deliberations

Maye next argues that he is entitled to a new trial because the jury deliberations were infected with improper deliberations and racial allegations.  There is no merit to this argument.

During deliberations, two jurors clashed, with one leaving and then refusing to re-enter the jury deliberation room.  One juror reported that the other threatened her and made allegations of racial bias against her.  Another juror reported that there had been words exchanged, and further indicated that the jury had deliberated in the absence of the juror who left the room.

After discussion and consultations with counsel, this Court replaced both jurors and instructed the newly-constituted jury to begin deliberations anew, an instruction that it is presumed to have followed.  See United States v. Colombo, 909 F.2d 711, 715 (2d Cir. 1990) ("we presume that a jury adheres to the curative instructions of the trial court").  This cured any prejudice resulting from the exchange between the two subsequently-removed jurors and the improper deliberations by the partially-constituted jury.

### 4.    Deferred Rulings

Finally, Maye argues that he is entitled to a new trial because this Court's decision to reserve ruling on several pretrial motions in limine burdened his right to testify.  Maye moved to limit the scope of his potential cross-examination before trial, but the nature of his requests were such that this Court could not resolve them without hearing evidence at trial.  Maye offers no direct authority for the proposition that such circumstances burden

his right to testify or require a new trial.  Moreover, by electing not to testify, Maye failed to preserve any claim that the deferred ruling on his pretrial motions burdened his right to testify.  See United States v. Ortiz, 216 F.3d 1074 (2d Cir. 2000) (unpublished).

\*   \*   \*

The jury's verdict is fully supported by competent evidence and nothing Maye presents approaches manifest injustice or gives rise to a real concern that an innocent person may have been convicted.  See Ferguson, 246 F.3d at 134.  Maye is therefore not entitled to a new trial and his request for one is denied.

## IV. CONCLUSION

For the reasons stated above, Maye's Motion for a Judgment of Acquittal, or in the alternative, for a New Trial, is denied.

## V. ORDER

IT HEREBY IS ORDERED, that Defendant's Motion for a Judgment of Acquittal, or in the alternative, for a New Trial (Docket No. 261) is DENIED.

SO ORDERED.


Dated:   April 8, 2014
             Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court