UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                                   **DECISION AND ORDER**
                                                          08-CR-194S

JOHN E. MAYE,

                            Defendant.

       1.       On October 8, 2013, a jury convicted Defendant John E. Maye, M.D., of 33 counts of unlawful distribution and dispensation by a physician of a controlled substance, in violation of 21 U.S.C. § 841 (a)(1).  (Docket No. 252.)  On June 25, 2014, this Court sentenced Defendant to, inter alia, one year and one day of imprisonment.  (Docket No. 298.)

       2.       On July 17, 2014, Defendant filed a Motion for Release Pending Appeal and Stay of Sentence, or in the alternative, Stay of Surrender Date, pursuant to 18 U.S.C. § 3143 (b) and Rule 38 (b) of the Federal Rules of Civil Procedure.  (Docket No. 307.)  By Decision and Order filed August 11, 2014, this Court reserved decision on Defendant's request for release pending appeal and stay of sentence but granted a stay of his surrender date through October 10, 2014.  (Docket No. 317.)  For the following reasons, Defendant's Motion for Release Pending Appeal and Stay of Sentence is granted.

       3.       Eighteen U.S.C. § 3143 (b)(1) permits release of an individual who has been found guilty of an offense, has been sentenced to a term of imprisonment, and who has filed an appeal, if the court finds that (1) clear and convincing evidence establishes that the individual is not likely to flee or pose a danger to the safety of others in the community if released, and (2) the appeal being taken is not for the purpose of delay and raises a

substantial question of law or fact likely to result in reversal of the conviction, an order for a new trial, a sentence that does not include imprisonment, or a reduced sentence of imprisonment less than the total of time already served, plus the expected duration of the appeal process.  18 U.S.C. § 3143(b)(1).  If release is permitted, the sentence of imprisonment must be stayed.  Fed. R. Crim. P. 38 (b)(1).

4. On the first prong, the government does not challenge Defendant's assertion that he is not a danger to the community or a flight risk, and this Court finds that he is neither.

5. As to the second prong, this Court finds that Defendant's appeal is not a delay tactic and raises a substantial question of fact and law that if successful, would likely result in reversal of Defendant's conviction or a new trial.  To determine whether an appeal raises a "substantial question," courts look to whether the issue is "one of more substance than would be necessary to a finding that [the appeal] was not frivolous.  It is a close question or one that very well could be decided the other way."  United States v. Randell, 761 F.2d 122, 125 (2d Cir. 1985).  If such a finding is made, the court must then consider whether the question is "so integral to the merits of the conviction on which the defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial or reduction of sentence.  Id. at 125.

6. Here, although this Court is of the view that the evidence presented at trial was sufficient to sustain Defendant's conviction and that the government presented sufficient evidence from which the jury could reject Maye's good-faith defense, see U.S. v. Maye, No. 08-CR-194S, 2014 WL 1377225 (W.D.N.Y. Apr. 8, 2014), it recognizes the possibility that reasonable minds could differ in that assessment.  The emerging nature of

telemedicine combined with the paucity of clear standards and federal laws governing telemedicine at the relevant time fairly present a substantial question for purposes of evaluating Defendant's instant request for release.  In addition, this Court is cognizant that absent a stay, Defendant is likely to serve his entire sentence well before his appeal is resolved.  Finally, this close question goes to Defendant's affirmative defense, which, if credited, would require reversal of his conviction or a new trial.

7. Accordingly, for the reasons stated above, Defendant's Motion for Release Pending Appeal and Stay of Sentence will be granted.  Defendant's release will be continued under his current conditions pending appeal pursuant to 18 U.S.C. § 3143 (b)(1).


IT HEREBY IS ORDERED, that Defendant's [307] Motion for Release Pending Appeal and Stay of Sentence is GRANTED.

FURTHER, that Defendant's sentence of imprisonment is STAYED.

FURTHER, that Defendant is continued on release under his current conditions.

SO ORDERED.


Dated:   October 3, 2014
         Buffalo, New York

/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court